IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE LEBRON,** | : | **CIVIL ACTION** |
|     Plaintiff, | : | |
| | : | |
| v. | : | NO.  24-1284 |
| | : | |
| **SUPERINTENDENT KENNETH** | : | |
| **EASON,** *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                                     **October 16, 2024**

*Pro se* plaintiff Jose Lebron, an incarcerated individual currently confined at SCI Forest, brings this civil rights action pursuant to 42 U.S.C. § 1983 and asserts constitutional claims against SCI Chester prison officials — the Superintendent and an unknown correctional officer — for allegedly failing to protect him from a violent inmate.  Mr. Lebron's initial complaint was dismissed upon screening for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  DI 5.  Mr. Lebron has returned with an amended complaint.  For the following reasons, we dismiss Mr. Lebron's amended complaint.

I.   **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Mr. Lebron names the same two defendants in his amended complaint that he named in his initial complaint: (1) SCI Chester Superintendent Kenneth Eason; and (2) John Doe-1, a SCI Chester correctional officer.  DI 11 at 2.[1]  In his original complaint, Mr. Lebron alleged that on June 22, 2022, John Doe-1 opened the door to Mr. Lebron's cell in violation of prison policy, and that allowed another inmate to enter Mr. Lebron's cell and attack him.  DI 2 at 5, 6.  He

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

further alleged that he was disciplined for the altercation and spent 75 days in the restrictive housing unit ("RHU") as punishment. *Id*. at 5. Mr. Lebron stated that John Doe-1's negligence caused his injury and that Superintendent Eason failed to properly train and supervise his correctional officers and failed to protect prisoners from attack. *Id*. at 4-5. Based on these allegations, Mr. Lebron asserted Eighth Amendment claims against defendants. We liberally construed Mr. Lebron's allegations as also asserting Fourteenth Amendment due process claims based on his detention in the RHU. *Id*.

In our June 5, 2024 memorandum, we granted Mr. Lebron leave to proceed *in forma pauperis* and dismissed all claims asserted against the defendants. DI 5. The claims asserted against defendants in their official capacity were dismissed with prejudice as barred by Eleventh Amendment immunity. *Id*. at 4-5. The rest of the complaint was dismissed without prejudice to amendment. *Id*. at 12. We concluded that Mr. Lebron did not state a plausible Eighth Amendment failure to protect claim against John Doe-1 because he did not allege that John Doe-1 knew of and disregarded an excessive risk to Mr. Lebron's safety or was even aware that Mr. Lebron was at risk of being attacked. *Id*. at 6-7. We also dismissed Mr. Lebron's Eighth Amendment claim against Superintendent Eason because Mr. Lebron alleged no facts about Superintendent Eason's involvement in the events and also did not establish any basis for supervisory liability. *Id*. at 8-9. Finally, we concluded that, to the extent Mr. Lebron intended to assert a due process claim based on his 75-day confinement in the RHU, he did not state a plausible claim because he did not tie any of his allegations to a named defendant. We permitted Mr. Lebron to amend his claims. *Id*. at 12.

Mr. Lebron returned with this amended complaint, in which he includes even fewer factual allegations than he did in his initial complaint. He alleges generally that John Doe-1 and

2

Superintendent Eason failed to protect him from an inmate's violent assault. DI 11 at 4-5, 7. Specifically, he states that on April 15, 2022,[2] John Doe-1 left the door to Mr. Lebron's cell open, in violation of Department of Corrections ("DOC") policy, which allowed another inmate to enter the cell. *Id*. at 5. When Mr. Lebron returned to his cell, he and the other inmate began fighting. *Id*. The other inmate hit Mr. Lebron on his head and face several times with a combination lock, *id*. at 4, causing Mr. Lebron to sustain injuries to his head and face, *id*. at 7. Mr. Lebron was taken to an outside hospital where x-rays were performed, and he was treated for his injuries. *Id*. at 7. Mr. Lebron reportedly received "a misconduct for fighting," was placed in the RHU for 75 days, and was then placed on "AC status" and transferred to SCI Forest. *Id*. at 5. Based on these allegations, Mr. Lebron's amended complaint asserts Eighth Amendment claims and seeks money damages.

## II. STANDARD OF REVIEW

As Mr. Lebron is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires us to dismiss an amended complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Turner v. Spaley,* 501 Fed. Appx. 101, 102 (3d Cir. 2012), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally

---

[2] This date differs from the date alleged in Mr. Lebron's original complaint. Mr. Lebron's original complaint claimed that the incident occurred on June 22, 2022. DI 2 at 4.

3

construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (internal quotations omitted), *abrogated on other grounds by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Lebron is proceeding *pro se*, we construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**III.   DISCUSSION**

Mr. Lebron asserts Eighth Amendment claims against the defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court.[3] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

---

[3] In his amended complaint, Mr. Lebron does not reassert a Fourteenth Amendment due process claim based on his placement in the RHU. Even if he did, the claim would be dismissed for the same reasons it was dismissed from his original complaint. DI 5 at 10-12. Mr. Lebron has again not tied any allegations about his detention in the RHU to any of the named defendants. Moreover, he alleges no facts about the conditions of his confinement in the RHU that would allow us to assess whether they "imposed a significant hardship in relation to the ordinary incidents of prison life." *Williams v. Sec'y Pa. Dep't of Corr.*, 848 F.3d 549, 560 (3d Cir. 2017). In addition, although Mr. Lebron again asserts claims against both defendants in their official capacities, all official capacity claims have already been dismissed with prejudice. DI 5 at 5. Accordingly, we will liberally construe all claims as asserted against the defendants only in their individual capacities.

A.     **Eighth Amendment Claim against Officer John Doe-1**

Mr. Lebron alleges that John Doe-1 failed to follow DOC policy by opening Mr. Lebron's cell door, which permitted a violent inmate to enter Mr. Lebron's cell, apparently while Mr. Lebron was elsewhere. Mr. Lebron contends that John Doe-1 "fail[ed] to protect" Mr. Lebron from the ensuing violent attack and injury when he returned to the cell. DI 11 at 4. As we explained in our June 5th memorandum, prison officials have a duty to take reasonable measures to guarantee the safety of the inmates under the Eighth Amendment. DI 5 at 5-6; *see Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Farmer*, 511 U.S. at 833). "Still, not 'every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety.'" *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (quoting *Farmer*, 511 U.S. at 834), *abrogated on other grounds by Fisher*, 115 F.4th at 197. To state a plausible failure-to-protect claim under the Eighth Amendment, Mr. Lebron must allege plausibly that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See Farmer*, 511 U.S. at 834; *Hamilton*, 117 F.3d at 746; *see also Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (*per curiam*). Deliberate indifference involves a subjective standard, meaning Mr. Lebron must allege that the prison officials "knew or were aware of and disregarded an excessive risk to [his] health or safety." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125, 135 (3d Cir. 2001). "[I]t is not sufficient that the official should have been aware" of the excessive risk. *Id*. at 133.

5

The allegations in Mr. Lebron's amended complaint fail to state a plausible Eighth Amendment claim for the same reasons they failed to state a plausible claim in his initial complaint.  Mr. Lebron again does not allege sufficient facts to raise a plausible inference that John Doe-1 *knew of and disregarded an excessive risk* to Mr. Lebron's safety.  Mr. Lebron alleges no facts suggesting that John Doe-1 was aware that Mr. Lebron was at risk of being attacked by the inmate.  Instead, Mr. Lebron alleges only that John Doe-1 opened Mr. Lebron's cell door, in violation of DOC policy, and this violation allowed an inmate to enter Mr. Lebron's cell and attack him.  This is insufficient to state a plausible failure to protect claim.  *See Burton v. Kindle*, 401 F. App'x 635, 638 (3d Cir. 2010) (*per curiam*) ("Here, Burton has failed to allege that Smith behaved with deliberate indifference in unlocking Burton's cell.  The complaint sets forth no facts to suggest that Smith knew that Kindle would attack Burton."); *Harriell v. Cuzzupe*, No. 22-3268, 2022 WL 3703205, at *2-7 (D.N.J. Aug. 26, 2022) (dismissing failure to protect claim based on allegations that a correctional officer opened the cell door of an inmate who attacked the plaintiff where the complaint fails to allege sufficient information about the officer's knowledge of the risk of serious harm).  The fact that John Doe-1 may have violated a prison policy by opening the door to Mr. Lebron's cell does not alone support an inference of deliberate indifference.  *See Bracey v. Pennsylvania Dep't of Corr.*, 571 F. App'x 75, 79 (3d Cir. 2014) (concluding that violation of prison policy "is insufficient by itself to support an argument for deliberate indifference"); *Schwartz v. Cnty. of Montgomery*, 843 F. Supp. 962, 971-972 (E.D. Pa. 1994) (explaining that failure to observe institutional policies regarding supervision of dangerous inmates constitutes negligence and does not support a § 1983 action for violation of the Eighth or Fourteenth Amendments), *aff'd* 37 F.3d 1488 (3d Cir. 1994).  Accordingly, Mr. Lebron's Eighth Amendment failure to protect claim against John Doe-1 must be dismissed.

B.      **Eighth Amendment Claim against Superintendent Eason**

Mr. Lebron again names Superintendent Eason as a defendant in his amended complaint. He alleges that Superintendent Eason failed to properly train and supervise his correctional officers and failed to prevent violent attacks. DI 11 at 4. Mr. Lebron's claim against Superintendent Eason fails for the same two reasons it failed previously. First, Mr. Lebron has not alleged any facts to support a plausible inference that Superintendent Eason participated in or directed others to open Mr. Lebron's cell door to allow another inmate to enter, or that Superintendent Eason was otherwise deliberately indifferent to an excessive risk to Mr. Lebron's safety. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (explaining that supervisors may be liable under § 1983 if they established and maintained an unconstitutional policy or custom, directed others to violate the plaintiff's rights, or had knowledge of and acquiesced in their subordinates' conduct), *rev'd on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).

Instead, Mr. Lebron merely alleges that Superintendent Eason generally failed to train and supervise his corrections officers and otherwise failed to prevent the violent attack. These conclusory statements are not sufficient to state a plausible Eighth Amendment claim. *See Aruanno v. Corzine*, 687 F. App'x 226, 229 (3d Cir. 2017) (*per curiam*) (reasoning that claims of supervisors failing to train, supervise, or discipline subordinates failed when plaintiff "did not show that the [d]efendants were aware of the violations alleged in his complaint, either before or after they occurred").

Second, Mr. Lebron's claim against Superintendent Eason fails because he does not plausibly allege an underlying constitutional violation. A supervisory claim requires "a showing that there was an actual constitutional violation at the hands of subordinates" before finding

7

liability on the part of the supervising prison official. *Allen v. Eckard*, 804 F. App'x 123, 127 (3d Cir. 2020) (*per curiam*) (concluding that failure to train and supervise claims asserted against supervisory defendants were meritless where the plaintiff failed to make a plausible showing of an underlying constitutional violation). As noted above, Mr. Lebron failed to allege a plausible claim that John Doe-1 failed to protect him from inmate violence. Accordingly, Mr. Lebron's Eighth Amendment claim against Superintendent Eason must also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the we dismiss Mr. Lebron's amended complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As Mr. Lebron has already been given an opportunity to cure the defects in his claims and has been unable to do so, further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Accordingly, Mr. Lebron's amended complaint is dismissed with prejudice.